IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RODERICK WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No.: **3:13-cv-00003-DRH-PMF** |
| ) | |
| WARDEN, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is petitioner Roderick Williams' petition for a writ of habeas corpus (Doc. 1) filed pursuant to 28 U.S.C. § 2241. Williams is presently incarcerated at the Greenville Federal Correctional Institution ("Greenville-FCI"), a correctional facility under the control of the U.S. Bureau of Prisons ("BOP"). Respondent James N. Cross, Greenville-FCI Warden, has filed a response (Doc. 15) to the petition, and Williams has filed a reply (Doc. 16). For the following reasons, it is recommended that the petition (Doc. 1) be denied as moot and this habeas litigation be dismissed.

Williams is serving a 20-year term of imprisonment for conspiracy to distribute and possession with intent to distribute crack cocaine. *See* Doc. 15-1 at 2 ¶1. His projected release date is October 22, 2013. *Id*. However, he was scheduled to serve the last six months of his sentence, beginning April 26, 2013, in a residential reentry center ("RRC"). *See* Doc. 15-2 at 2 ¶1. Under Title 18, United States Code, Section 3624, Subsection (c), ("the Second Chance Act") the BOP is mandated "to the extent practicable" to "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months),

1

under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c).

Williams was notified of Greenville-FCI's official determination regarding his length of RRC placement on December 7, 2013. *See* Doc. 15-1 at 2 ¶¶1-2. Upon learning of this determination, Williams did not attempt to "waste time" appealing it using BOP's available administrative remedy process. Doc. 16 at 3 (Williams' reply). Instead, Williams filed the instant petition for a writ of habeas corpus on January 7, 2013, wherein he requested this district court to "immediately" order the BOP to place him a RRC for the remainder of his sentence in order to allow him the "opportunity to reintegrate into society and become a productive member of society." Doc. 1 at 11.

In his reply dated March 28, 2013, Williams requested an expedited review of this petition because "in one (1) month, Petitioner's claim would go moot as admitted by the Respondent…" *See* Doc. 16 at 4. The Court agrees that Williams' petition is now moot because it appears that he has already been placed in the RRC, as originally scheduled by Greenville-FCI. *See* Doc. 15-2 at 2 ¶1. There being no case or controversy remaining, Williams' (Doc. 1) habeas petition should be denied as moot.

The urgency of Williams' petition has not gone unnoticed. By issuing the Report and Recommendation on this date, the undersigned had to make adjustments to the standard flow of his docket. Williams' habeas petition (pending for only 120 days) has received expedited consideration ahead of other habeas petitions that have been pending many times longer. While this fact probably provides little or no comfort to Williams, he must understand that federal courts can only rarely drop everything in order to give a case immediate consideration. Those situations are usually limited to scenarios where there is an imminent danger of physical injury.

Federal courts generally do not have the staff and resources to push aside matters that have been pending for a longer period of time simply because a litigant requests immediate consideration. It is noted that even if the undersigned had issued a Report and Recommendation within days of this case becoming fully briefed on March 28, 2013, there would have been a statutorily-mandated 14 day objection period that would have brought ultimate consideration of this matter deep into the month of April. *See* 28 U.S.C. § 636(b).

Even if the Court had an opportunity to drop everything in order to consider Williams' (Doc. 1) petition, it likely could not have granted the requested relief. Williams admits that he did not attempt to exhaust his administrative remedies. He asserts that there would not have been time to navigate through the various channels of the BOP exhaustion process. However, the merits of a habeas petition are rarely, if ever, considered where the petitioner asserts that exhaustion would be a "waste of time" or futile because time was limited or the outcome of the BOP administrative process is pre-determined. *See, e.g., Tylman v. Roal*, No. 12-CV-0863-DRH, 2013 WL 171073 (S.D. Ill. Jan. 16, 2013) (dismissing a habeas petition requesting additional RRC placement when the petitioner admitted that he did not attempt to utilize the BOP exhaustion procedure and denying a request for expedited review). In light of the standard length of habeas litigation even when a petition receives expedited review, Williams would have been better served by utilizing the BOP administrative remedy process. That review process allows for several levels of review on a much more expedient schedule, and as described below, the ultimate discretion to grant Williams' requested relief belongs to the BOP.

Even if the Court had reached the merits of the petition, it likely would have been denied. The plain language of the Second Chance Act places the length on placement within the discretion of the BOP. *See* 18 U.S.C. § 3624(c); *see also, e.g., Rieser v. Sherrod,* No. 10-541, 3

(S.D.Ill., Jan 5, 2011) (The statute also makes placement in a community correctional facility permissive, not mandatory. Petitioner has no absolute right to placement in "conditions that will facilitate his reentry into society" for longer than the 6 months determined by the Director of the Bureau of Prisons.). That being the case, this Court has agreed with several Circuit Courts of Appeals in that the Second Chance Act "does not create a protected liberty interest, and thus does not guarantee placement into community confinement for any federal prisoner." *Pollard v. Sherrod*, 10-CV-143-DRH, 2010 WL 3184366 (S.D. Ill. Aug. 10, 2010) (citing *Prows v. Federal Bureau of Prisons*, 981 F.2d 466 (10th Cir. 1992), *cert. denied*, 510 U.S. 830, 114 S.Ct. 98, 126 L.Ed.2d 65 (1993); *Elwood v. Jeter*, 386 F.3d 842 (8th Cir. 2004); *United States v. Laughlin*, 933 F.2d 786, 789 (9th Cir. 1991) ("Nothing in the language of section 3624(c) mandates that all prisoners pass through a community treatment center en route to free society.")).

### RECOMMENDATION

The materials submitted demonstrate that Williams is not being held in custody in violation of the Constitution or federal law. He is not entitled to a writ of habeas corpus pursuant to 28 U.S.C. § 2241. It is recommended that the petition (Doc. 1) be denied as moot and this habeas litigation be dismissed.

**SO RECOMMENDED.**

**DATED: May 8, 2013.**

                                        *s/ Philip M. Frazier*
                                        PHILIP M. FRAZIER
                                        UNITED STATES MAGISTRATE JUDGE